UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:10CR-44-TBR-9


THE UNITED STATES OF AMERICA                              PLAINTIFF


VS.                **MOTION FOR BILL OF PARTICULARS**


ROGER KOLLMAN, et al                                      DEFENDANTS

       Comes the defendant, Roger Kollman, by and through counsel, and moves the Court to compel the United States to provide a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f).  In support of this motion, the defendant states as follows.

### FACTUAL BACKGROUND

       Defendant Roger Kollman has been charged in the Superceding Indictment in this case with Conspiracy to Possess with Intent to Distribute more than 1,000 KG of Marijuana in violation of 18 U.S.C. 846.  The duration of the alleged conspiracy is July 2008 to April 2010, a period of over 20 months.

       The indictment does not list any overt acts taken by the defendant in furtherance of the alleged conspiracy. Furthermore, the indictment does not list any specific dates upon

which the government is alleging that the defendant conspired to possess a controlled substance, or with whom. Defendant Roger Kollman is employed as an over-the-road truck driver throughout the country, and he has been employed in that capacity for several years, including the time during which the conspiracy is alleged.

Furthermore, the government has already provided its Rule 16 disclosures, which, by the admission of the government, has no direct reference to Defendant Kollman. Those discovery materials include a number of cellular telephone records, which the attorney for the government has admitted do not implicate Defendant Kollman. Those materials also include the reports and fruits of several searches of co-defendant's homes, which the attorney for the government further admits do not implicate Defendant Kollman. Likewise, the government has conceded that none of the documents from any of the controlled buys in this case implicate Defendant Kollman. In sum, despite the disclosure of materials pursuant to the Court's discovery order, no other information has been provided by the government regarding Defendant Roger Kollman's alleged involvement in this 2 year conspiracy involving 20 other people.

## LEGAL ARGUMENT

The purposes of a Bill of Particulars is to inform the defendant of the nature of the charge against him with sufficient

precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. United States v. Haskins, 345 F.2d 11, 114 (6th Cir. 1965); United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993).

In this case, the indictment itself is too vague to provide the necessary information to allow Defendant Kollman to prepare his defense. It merely alleges that Defendant Kollman was involved in a conspiracy to possess marijuana with an intent to distribute. The undersigned counsel has learned that the government intends to present confidential informant testimony as well as the testimony of an unindicted co-conspirator to establish that Defendant Kollman helped other individuals ship marijuana into Kentucky. It is unclear if those shipments were made with a passenger vehicle or in a commercial one. It is further unclear when the alleged shipments were made, where they were bound to, and who was present for them.

A defendant is presumed innocent upon his plea of not guilty, and it cannot be assumed by the Court that the defendant knew the particulars sought in a Motion for Bill of Particulars. The defendant can only be considered ignorant of the facts on which the Government founds its charges. United States v. Tucker,

262 F. Supp. 305, 307 (S.D.N.Y. 1960). United States v. Burgio,
279 F. Supp. 843, 846 (S.D.N.Y. 1968).  As an over-the-road
trucker, Defendant Kollman makes numerous trips and delivers
numerous shipments, to various locations and to various
individuals.  It would be impossible to expect him to recall the
specific details of every trip he made within the time frame of
the conspiracy alleged in this case.  As such, his ability to
adequately defend against these charges would be crippled if a
Bill of Particulars is not ordered.

     Various courts have recognized the need for Bills of
Particulars in conspiracy cases especially.  In United States v.
Ramirez, the District Court held that a Bill of Particulars was
especially necessary in narcotic conspiracy cases due to the lack
of a requirement on the government to allege an overt act in the
indictment. 54 F.Supp.2d 25, 30 (D.D.C. 1999).  In United States
v. Walker, the District Court, following the same line of
reasoning, required a Bill of Particulars to be produced
regarding the types of narcotics stored and the locations of
their storage.  922 F. Supp. 732, 740 (N.D.N.Y 1996).  Likewise,
the names of co-conspirators have been required to be disclosed
in a Bill of Particulars by a number of District Courts.  See
United States v. Oakar, 924 F.Supp. 232, 246 (D.D.C. 1996);
United States v. Strawberry, 892 F.Supp. 519, 527 (S.D..Y. 1995).
     This conspiracy case presents a set of facts quite

similar to <u>Ramirez</u> and <u>Walker</u> insomuch as both involved narcotics conspiracies with bare-bones indictments.  Furthermore, this case is similar to <u>Oakar</u> and <u>Strawberry</u> because of the use of confidential informants and unindicted co-conspirators in the government's proof.  In this case, the need for a Bill of Particulars is even more distinct given the fact that Rule 16 disclosures have already taken place, and no more information is likely to be disclosed by the government if the information requested in this motion is not ordered in the form of a Bill of Particulars.

Therefore, Defendant Roger Kollman respectfully moves this Honorable Court to order the United States to provide him with a Bill of Particulars specifically disclosing the nature of his alleged involvement in this conspiracy, including, but not limited to, the following:

1. The exact dates of the transportations relied upon by the government as the basis of Defendant Kollman's alleged involvement in this conspiracy;
2. The exact locations of those transportations, including, if any, the locations of any stops;
3. The identity of any witness identifying Defendant Kollman as a participant in any transportations;
4. The source and substance of any documentary evidence regarding any transportations.

This the 23 day of May, 2011.

S/ CHARLES A. WALKER
Attorney for Defendant, Roger M. Kollman
MICHAEL K. BISHOP & ASSOCIATES, P.S.C.
948 Elm Street
P.O. Box 10088
Bowling Green, KY 42102-4888
Telephone:  (270) 783-8044
Telefax:   (270) 783-8049
E-Mail: cawalker.mkbpsc@ccol.net


CERTIFICATE OF SERVICE

        On May 23, 2011, I electronically filed this document through the ECF System, and they will send notice of electronic filing to Larry Fentress, Assistant United States Attorney's Office.

S/ CHARLES A. WALKER