**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO. 1:10-CR-00044-R**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

v.

**ROGER KOLLMAN, et al.**                                                        **DEFENDANTS**

**ORDER**

This matter comes before the Court on Defendant's motion for a bill of particulars (DN 232). The Government has responded (DN 238). The Court has reviewed the record and is now ready to make its ruling. For the reasons that follow, Defendant's Motion is DENIED as moot.

According to the superseding indictment, Defendant Roger Kollman is alleged to have participated in a conspiracy to possess with the intent to distribute more than 1,000 kilograms of marijuana in violation of 18 U.S.C. § 846. In this motion for a bill of particulars, Kollman charges that to date the Government has failed to release any information or evidence linking him to the conspiracy. He says that while previous disclosures under Federal Rule of Criminal Procedure 16 have implicated a number of co-conspirators, evidence from searches, telephone records, and confidential sources does not involve him. Kollman now moves for the Government to release the following information: (1) the dates the Government will introduce at trial where he is alleged to have transported marijuana for the conspiracy; (2) the locations where he transported the marijuana; (3) the identity of the witnesses who will identify Kollman as having transported the marijuana; and (4) the source and substance of any documentary evidence surrounding the transportation. DN 232 at 5. In response to the motion, the Government has released the place and dates it believes Kollman transported the marijuana, for whose benefit the marijuana was moved, the names of the unindicted co-conspirators that have identified Kollman

as a participant in the scheme, and the source of at least some of the documentary evidence against him. DN 238 at 1. The Government also assures Kollman that whatever documentary evidence it has that links him to the conspiracy will be immediately turned over in supplemental discovery disclosures. *Id*. at 2. With this response, the Government asks that the instant motion be denied as moot.

Federal Rule of Criminal Procedure 7(f) allows a defendant to move for a bill of particulars. Fed. R. Crim. P. 7(f). Courts grant bills of particulars when it is "necessary to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense [or] to avoid or minimize the danger of surprise at trial." Judge James Cissell, Federal Criminal Trials § 7-2 (7th ed. 2008); *see United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). A bill of particulars is not however a tool by which the defendant can learn the government's evidence and theories of the case. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008); *see United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).

The Court believes that the disclosures in the Government's response obviate Kollman's previous concerns. It provides him the dates of his participation, the overt acts that make him a conspirator, the names of the Government's sources, and its promise that it will forward the documentary evidence that implicates him. Kollman is now in possession of sufficient information to determine the basis of his criminal indictment and to prepare his defense for trial. A review of the binding precedent surrounding bills of particular indicate that the current evidentiary foundation is adequate to dispense with this motion. *See e.g.*, *United States v. Vassar*, 346 F. App'x 17, 22 (6th Cir. 2009) (open-ended beginning dates on an indictment but

not end dates are sufficient so as bill of particulars is unnecessary); *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (denial of bill of particulars appropriate where superseding indictments charged defendant with conspiracy and alleged that conspiracy began "on or about April 1999" and ended in August of 2000); *United States v. Bavers*, 787 F.2d 1022, 1028 (6th Cir. 1985) (denial of bill of particulars appropriate where indictment included names, times, locations of transactions related to illegal conspiracy); *see also United States v. McClure*, 734 F.2d 484, 493 (10th Cir. 1984) (although the indictment did not include the exact place, time of day, or quantity of cocaine involved, bill of particulars was not warranted).

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion (DN 232) is DENIED.