**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:010CR-44-TBR**

THE UNITED STATES OF AMERICA                                   PLAINTIFF

VS.                **MOTION TO COMPEL DISCOVERY**
                   **PURSUANT TO FED. R. CRIM. P. 16**

ROGER KOLLMAN, et al                                           DEFENDANTS

Comes the defendant, Roger Kollman, by and through counsel, and moves the Court to compel the United States to produce discovery materials pursuant to Federal Rule of Criminal Procedure 16 including additional statements of Roger Kollman. In support of this motion, the defendant states as follows.

**FACTUAL BACKGROUND OF DISCOVERY IN THIS CASE**

Defendant Roger Kollman was named in the Superceding Indictment in this matter as one of twenty-one individuals accused of conspiring to possess a controlled substance with intent to distribute. This case is set for trial on February 6, 2012.

The Court's discovery order in this case required The United States to disclose all Rule 16 materials before May 13, 2011. On May 13, 2011, Assistant United States Attorney Larry Fentress provided a discovery packet to defense counsel. Defendant Kollman's name was never mentioned or referenced in any

document in that discovery packet.

In response, Defendant Kollman filed a Motion for a Bill of Particulars (Document Number 232) requesting among other things any documentary evidence in the possession of the government. The United States responded (Document Number 238) by promising to comply with this Court's discovery order by providing a tailored discovery packet including information regarding Defendant Kollman's involvement and all documentary evidence in its reach.  As a result this Court denied Kollman's motion for the Bill of Particulars as moot.

The government's promise was part of the response it filed in Document Number 239 on May 29, 2011.  As of this date, the Defendant Roger Kollman has not yet received any further information which would satisfy the government's obligation.

As of the date of this motion, only one (1) of the twenty-one (21) indicted defendants have pled guilty, leaving 20 defendants still awaiting trial.  The prosecutor has already indicated that he wishes to try all remaining defendants together.  Clearly, the trial in this matter could easily become very confusing.

In this matter, possible Rule 16 disclosures might include:

> 1. Any statements of Roger Kollman with authorities, whether recorded, transcribed, or other reduced to writing;

      2. Notes, rough drafts, and any other documents referencing the substance of Roger Kollman's encounters with the investigators in this case;
      3. Reports of any examinations or tests;
      4. Documents or other tangible things covered under Rule 16, including an exhibit list;
      5. Any expert disclosures required by Rule 16;

Defense counsel cannot be expected to specifically request discoverable material when the United States has not yet complied with Rule 16. Therefore, defense counsel has no choice but to move this Court for an order compelling production of the above-listed discoverable materials under Federal Rule of Criminal Procedure 16.

### ARGUMENT

Discovery of the above-listed material previous requested from the government is proper in this case. Fed. R. Crim. P. 16.

#### *1. Any Statements of Roger Kollman are Discoverable under Rule 16.*

Despite the government's denial of defendant Kollman's valid request for discovery of his statements, the language of Rule 16 allows the discovery of those statements as well as the rough notes of any investigative agent covering the substance of any oral statement of the defendant. United States v. Clark, 385 F.3d 609, 619 (6th Cir. 2004)(finding that an agent's rough notes

were subject to disclosure under Rule 16(a)(1)(B)(ii) because Rule 16(a)(1)(B)(ii) "imposes a more specific disclosure obligation than Rule 16(a)(1)(A)").

The plain language of Rule 16 provides, at the very least, for the disclosure of the defendant's:

> 1) Oral statements before or after arrest if made to a government agent, if the government intends to use it at trial;
> 2) Any relevant written or recorded statement in the possession, custody, or control of the government and if the government attorney knows or should know of its existence;
> 3) Any portion of a written record containing the substance of any relevant oral statement made before or after arrest by the defendant to a government agent.

Fed. R. Crim. P. 16. Courts have construed "statement" broadly, holding that a variety of statements are discoverable under Rule 16. See United States v. Crisona, 416 F.2d 107, 114-15 (2d Cir. 1969) (pre-arrest statements discoverable under Rule 16); United States v. Hyles, 479 F.3d 958, 963 (8th Cir. 2007) (recorded telephone conversations discoverable); United States v. Silien, 825 F.2d 320, 323(11th Cir. 1987) (per curiam) (immigration file biographical sheet discoverable); United States v. Caldwell, 543 F.2d 1333, 1352-53 (D.C. Cir. 1974)(letters of defendant discoverable).

A statement must also be relevant, and courts have consistently construed that in the broadest sense as well.

United States v. Bailleaux, 685 F.2d 1105, 1114 (9th Cir. 1982). In that case, the Court explained that a statement is relevant if it bears on either an element of the charge crime or is material to the defense. Id. See also United States v. Lanoue, 71 F.3d 966, 974 (1st Cir. 1995) (reversing for failure to disclose recording of defendant and holding that Rule 16 gives a defendant virtually an "absolute right" to his own recorded statements in the absence of highly unusual circumstances that would otherwise justify a protective order).

The statement must be in response to interrogation by a known agent, but by their very nature, meetings between a defendant and authorities when solicited by the authorities involve interrogation. The government has disclosed no statements of Roger Kollman, yet at some point he was arrested, but not even a statement taken at the time of his arrest was disclosed.

### *2. Documentary Evidence Exists and is Discoverable under Rule 16.*

In addition to any statements of Roger Kollman, Rule 16 requires the disclosure of any documents or physical evidence that is either intended to be used by the government in its case-in-chief or is otherwise material to the defense. Fed. R. Crim. P. 16(a)(1)(E). In the government's response to Defendant Kollman's motion for a Bill of Particulars, it admitted that there are pieces of documentary evidence that have not been

disclosed in discovery.

As of the date of this motion, defense counsel has only been provided three receipts for money transfers involving Roger Kollman. The prosecution is alleging that Defendant Kollman was involved in two separate trips to Kentucky from Arizona to participate in drug trafficking. Along the way, as the prosecution alleges, Kollman made purchases of food, lodging, and other incidentals. Defense counsel has not been provided with those items despite the fact that they would clearly be discoverable under Rule 16.

Defense counsel is unaware of other documents which the government may have at its disposal, and as such, a more specific request is not possible at this time.

## CONCLUSION

Discovery in this case has effectively not taken place, and as the trial date draws near, the capability for Defendant Roger Kollman to adequately prepare a defense is compromised more and more. As another result of that, Defendant Kollman is left without knowledge of what specific pieces of Rule 16 materials to request.

Rule 16 and the cases interpreting it clearly require the prosecution to disclose the information requested. While the defendant admits that in certain instances the government is able to avoid disclosure, in those instances it is the province of the

District Court, and not the prosecutor, to determine the extent to which any exceptions to disclosure apply. <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976).

Therefore, the defendant Roger Kollman, by and through counsel, respectfully moves this Court to enter an order compelling the government to fully comply with Federal Rule of Criminal Procedure 16 by providing to the defendant the materials referenced in this motion.

This the 14th day of October, 2011.

S/ <u>CHARLES A. WALKER</u>
Attorney for Defendant, Roger Kollman
MICHAEL K. BISHOP & ASSOCIATES, P.S.C.
948 Elm Street
P.O. Box 10088
Bowling Green, KY 42102-4888
Telephone:  (270) 783-8044
Telefax:    (270) 783-8049
E-Mail: cawalker.mkbpsc@ccol.net

<u>CERTIFICATE OF SERVICE</u>

On October 14, 2011, I electronically filed this document under seal through the ECF System, and they will send notice of electronic filing to Larry Fentress, Assistant United States Attorney's Office.  Also, on the same date, an unsealed copy was placed in the United States Mail, First-Class address to Larry Fentress at 510 W. Broadway, 10th Floor, Louisville, KY 40202.

S/ <u>CHARLES A. WALKER</u>