**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:010CR-44-TBR**

THE UNITED STATES OF AMERICA                              PLAINTIFF

VS.

**MOTION TO COMPEL DISCOVERY**
**OF GOVERNMENT WITNESSES AND IDENTITIES**
**OF CONFIDENTIAL INFORMANTS**

ROGER KOLLMAN, et al                                      DEFENDANTS

      Comes the defendant, Roger Kollman, by and through counsel, and moves the Court to compel the United States to produce a list of the witnesses it intends to call at trial, including the identities of any confidential informants.  In support of this motion, the defendant states as follows.

**FACTUAL BACKGROUND**

      Defendant Roger Kollman was named in the Superceding Indictment in this matter as one of twenty-one individuals accused of conspiring to possess a controlled substance with intent to distribute.  This case is set for trial on February 6, 2012.

      The Court's pretrial order in this case does not speak to the disclosure of witnesses.  As a result, Defendant Kollman filed a Motion for a Bill of Particulars (Document Number 232) requesting the identities of witnesses intended to be called. The

United States responded (Document Number 238) by disclosing that Michael Doolin and Carlos Spriggs will be called at trial.  At the same time, the government admitted that it intends to call a number of other co-conspirators and confidential informants.  As a result this Court denied Kollman's motion for the Bill of Particulars as moot.

During telephone conversations, Assistant United States Attorney Larry Fentress has indicated that in addition to Spriggs and Doolin, he intends to use the testimony of Tony Barber, Craig Larry, and other possible witnesses.

As of the date of this motion, only one (1) of the twenty-one (21) indicted defendants have pled guilty, leaving 20 defendants still awaiting trial.  The prosecutor has already indicated that he wishes to try all remaining defendants together.  Clearly, the trial in this matter could become very confusing.  In an effort to allow for a more efficient trial, the government must provide a witness list, including the identities of confidential informants.

**ARGUMENT**

Defendant Kollman is entitled to know the identities of the witnesses the government will call against him in order that he can interview those witnesses and determine whether to call them as witnesses on his own behalf.  Such entitlement is a function of his right to confront his witnesses and have a fair

trial.  It is without question a valid exercise of the Court's discretion to order that the government produce a witness list, and courts have utilized that discretion to add efficiency to conspiracy trials such as this one.  United States v. Savin, 2001 U.S.Dist LEXIS 2445 (S.D.N.Y. Mar. 13, 2001) and United States v. Rueb, 2001 U.S.Dist. LEXIS 943 (S.D.N.Y. Feb. 6, 2001).

In United States v. Turkish, 458 F.Supp. 874 (S.D.N.Y. 1978), the Court held that the following factors should be considered by trial courts in requiring the production of witness lists:

1. Did the offense involve a crime of violence?
2. Have the defendants been arrested or convicted for crimes involving violence?
3. Will the evidence in the case largely consist of testimony relating to documents?
4. Is there a realistic possibility that supplying the wintesses' names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial?
5. Does the indictment allege offenses occurring over an extended period of time, making preparation of the defendant's defense complex and difficult?
6. Do the defendants have limited funds with which to investigate and prepare their defense?

Id.  Clearly, these factors point out the need for the court to balance the interests of protecting government witnesses and

affording the defendant a fair trial.

  The disclosure of a witness list to Roger Kollman would pose no threat to the safety of any potential witnesses in this matter.  He has cooperated with the authorities throughout this prosecution, and he has no criminal history of any sort.  This alleged conspiracy, however, took place over the course of nearly 2 years.  The prosecution has conceded that its case relies heavily on the witness testimony of a group of individuals, some of whom have not yet been named.  Without the names of those individuals, Defendant Kollman cannot be expected to prepare a meaningful defense.  In light of the complexity of this case, and the fact that Defendant Kollman does not pose a threat, the prosecution's refusal to provide this information is no more than an attempt to try this defendant by ambush.

  Furthermore, the Defendant is entitled to know the identity of any confidential informants intended to be called by the government, especially if that witness was a participant in the crime charged.  <u>Rovario v. United States</u>, 353 U.S. 53, 60-61 (1957); <u>United States v. Tenorio-Angel</u>, 756 F.2d 1505 (11th Cir. 1985).

  In <u>Rovario</u>, the Court held that a number of factors should be balanced by a court ruling on the propriety of ordering the disclosure of confidential informants.  As any one of the defendants would theoretically be able to call a confidential

informant, the identity of those informants should be disclosed to allow Defendant Kollman to interview the informant and determine if he wishes to call that informant as a witness on his behalf. Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968) and Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir. 1965).

This case is no exception to the rules set forth in Turkish and Rovario. Defendant Kollman has a right to prepare a meaningful defense, and the government's refusal to provide him with a list of witnesses cripples that opportunity. Cross examination will likely be a critical part of Defendant Kollman's defense, and that cross examination must be thorough in order to protect his rights. Washington v. Texas, 388 U.S. 14 (1967).

**CONCLUSION**

Therefore, the Defendant Roger Kollman respectfully requests that the government be compelled to provide the names and addresses of all potential witnesses, including confidential informants, to the Defendant immediately.

S/ CHARLES A. WALKER
Attorney for Defendant, Roger Kollman
MICHAEL K. BISHOP & ASSOCIATES, P.S.C.
948 Elm Street
P.O. Box 10088
Bowling Green, KY 42102-4888
Telephone: (270) 783-8044
Telefax: (270) 783-8049
E-Mail: cawalker.mkbpsc@ccol.net

CERTIFICATE OF SERVICE

       On October 14, 2011, I electronically filed this document under seal through the ECF System, and they will send notice of electronic filing to Larry Fentress, Assistant United States Attorney's Office.  Also, on the same date, an unsealed copy was placed in the United States Mail, First-Class address to Larry Fentress at 510 W. Broadway, 10th Floor, Louisville, KY 40202.

       S/ CHARLES A. WALKER