**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:010CR-44-TBR**

THE UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                    **MOTION FOR TIMELY DISCLOSURE**
                       **OF BRADY AND GIGLIO MATERIAL**

ROGER KOLLMAN, et al                                          DEFENDANTS


        Comes the defendant, Roger Kollman, by and through
counsel, and respectfully moves the Court for an order compelling
early disclosure of Brady and Giglio material.  In support of
this motion, the defendant states as follows.

                    **FACTUAL BACKGROUND**

        The Court's pretrial order in this case has required
Brady and Giglio material to be disclosed either pursuant to a
Rule 16 disclosure or subject to the government's obligation to
disclose in time for effective use at trial.  This case is set
for trial on February 6, 2012.

        As of the date of this motion, no Brady or Giglio
disclosures have been made by the government.  Defense counsel
has requested those materials in writing on May 5, 2011 (See
Exhibit A), On May 13, 2011, Assistant United States Attorney
Larry Fentress provided a discovery packet to defense counsel.
Defendant Kollman's name was never mentioned or referenced in any
document in that discovery packet.

In response, Defendant Kollman filed a Motion for a Bill of Particulars (Document Number 232) requesting the dates and locations of the alleged transports, the type of vehicle used during those transports, and the witnesses that implicate Defendant Kollman in the transports. The United States responded (Document Number 238) by offering only approximate dates and locations of the transports and only some of the witnesses it intends on calling at trial. The government, however, promised to comply with this Court's discovery order by providing a tailored discovery packet including information regarding Defendant Kollman's involvement, and as a result this Court denied Kollman's motion for the Bill of Particulars as moot.

The government's promise was part of the response it filed in Document Number 239 on May 29, 2011. Since that date, defense counsel has learned that the prosecution intends to call co-defendants Tony Barber, Craig Larry, and Carl Jean Jones, Jr. as witnesses in its case against Kollman. It has also been disclosed that Michael Doolin and Carlos Spriggs (both unindicted) will be called as witnesses. As of this date, the Defendant Roger Kollman has not yet received any further information which would satisfy the government's obligation.

As of the date of this motion, only one (1) of the twenty-one (21) indicted defendants have pled guilty, leaving 20 defendants still awaiting trial. The prosecutor has already

indicated that he wishes to try all remaining defendants together.  Clearly, the trial in this matter could easily become very confusing.

## ARGUMENT

Simply put, the government's disclosures under Brady and Giglio are not only a matter of the defendant's Constitutional right to Due Process, the Court has previously ordered the disclosures to be made.  Brady material could include a variety of things favorable witness statements, Jackson v. Wainwright, 390 F.2d 288, 295 (5th Cir. 1968); drug test results that do not implicate the defendant to whom the disclosures are made, Myatt v. United States, 875 F.2d 8, 12 (1st Cir. 1989); identity of witnesses not to be called at trial, United States v. Spencer, 1990 U.S. Dist. LEXIS 11485 at 7 (S.D.N.Y. Sept. 12, 1990); and a plethora of physical evidence that does not fit within the government's theory of the case, United States v. Castro, 502 F.Supp.2d 218, 224 and 226 (D.P.R. 2007).

Moreover, Giglio material could include anything from prior inconsistent statements, Giles v. Maryland, 386 U.S. 66, 74 and 80 (1967); convictions, Ouimette v. Moran, 942 F.2d 1, 13 (1st Cir. 1991); prior bad acts of witnesses, United States v. Duval, 496 F.3d 64, 74 (1st Cir. 2007); offers of leniency to witnesses, United States, v. Bagley, 473 U.S. 667, 667 (1985); records of witness's psychiatric treatment, United States v.

Devin, 918 F.2d 280, 289 (1st Cir. 1990); or a witness's informant status, United States v. Disston, 582 F.2d 1108, 1111 (7th Cir. 1978).  Of course, the defendant is entitled to any materials possessed by the government relating to the impeachment of a witness when the witnesses credibility could be determinative of guilt.  Giglio v. United States, 405 U.S. 150, 153-155 (1972).  Clearly, the mandate from the Supreme Court in Giglio is a broad as the creativity of the prosecutors and investigators involved.

In this case, twenty defendants remain, all of whom await a trial in early February 2012.  Assistant United States Attorney Fentress has indicated his intention to try all defendants at once.  If no other guilty pleas are reached, the complexity of the trial of 20 defendants by itself requires that Brady and Giglio material be disclosed immediately.  For every guilty plea reached, the government would have another cooperating witness at its disposal, further multiplying the amount of Brady and Giglio materials to be disclosed.

In either event, the complexity of this prosecution is the cause of the government's choosing to indict 21 individuals over the course of two separate indictments.  That complexity is intensified by the high likelihood of drug cases, by their very nature, involving plea deals, and agreements for leniency, and defendants with prior convictions and inconsistent statements.

In this case, the only individual to plead guilty is Carl Jean Jones, Jr., whom prosecutors have identified as the central figure in this conspiracy.  According to the plea agreement filed in this matter, Jones has agreed to plead guilty and cooperate with the government in this prosecution, obviously in exchange for a promise of leniency.

The government's objection to this motion will surely involve a claim that the government's witnesses will be harassed, threatened, or otherwise harmed.  However, this case has been ongoing for nearly two years, with no incidents of harassment or injury.  Furthermore, this case involves such a high volume of defendants, not to mention other possible witnesses or co-conspirators not named in the indictment, that disclosure of Brady and Giglio material, whenever it is made, will be mountainous and overwhelming to defense counsel, possibly to the point of requiring a continuance of the trial scheduled in this case.

As one court has already noted, the better alternative when the above threats are speculative is to require disclosure of Brady and Giglio material immediately to allow counsel to better prepare for cross examination and make a more effective use of the material at trial.  United States v. Pollack, 534 F.2d 964, 974 (D.C. Cir. 1976).  This case presents an analogous scenario, and as the risks of harm caused by immediate disclosure

are grossly outweighed by the fundamental rights of the defendant to a fair trial, the Court should order all <u>Brady</u> and <u>Giglio</u> material to be disclosed immediately.

**CONCLUSION**

For the foregoing reasons, the defendant, Roger Kollman, by and through counsel, respectfully moves this Court for an order requiring immediate disclosure of the following:

1. Identities of any favorable witness to Roger Kollman and any statements made by those witnesses favorable to Defendant Kollman;
2. Identities of witnesses who failed to implicate Defendant Kollman and physical evidence and lab reports that fail to implicate Defendant Kollman;
3. Photo arrays used by any witness while identifying Defendant Kollman;
4. Evidence regarding the credibility of any government witness including but not limited to material lies, inconsistent statements, criminal histories, pre-sentence reports, evidence of psychiatric treatment or evaluation, or any evidence that calls into question the ability to observe.

Disclosure of those materials would constitute disclosure of <u>Brady</u> and <u>Giglio</u> materials by the United States in order to afford him the chance to provide a meaningful defense.

S/ <u>CHARLES A. WALKER</u>
Attorney for Defendant, Roger Kollman
MICHAEL K. BISHOP & ASSOCIATES, P.S.C.
948 Elm Street
P.O. Box 10088
Bowling Green, KY 42102-4888
Telephone:  (270) 783-8044
Telefax:  (270) 783-8049
E-Mail: cawalker.mkbpsc@ccol.net

<u>CERTIFICATE OF SERVICE</u>

       On October 14, 2011, I electronically filed this document under seal through the ECF System, and they will send notice of electronic filing to Larry Fentress, Assistant United States Attorney's Office.  Also, on the same date, an unsealed copy was placed in the United States Mail, First-Class address to Larry Fentress at 510 W. Broadway, 10th Floor, Louisville, KY 40202.

       S/ <u>CHARLES A. WALKER                    </u>